**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **COREY ALAN BENNETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:14-cv-02380** |
| | ) | **Judge Trauger** |
| **v.** | ) | |
| | ) | |
| **CHRISTIE THOMAS, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**M E M O R A N D U M**

Plaintiff Corey Alan Bennett (#509793), an inmate confined at Northeast Correctional Complex in Mountain City, Tennessee, brings this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1). The plaintiff has filed an application to proceed *in forma pauperis*. (Docket No. 2).

The plaintiff is well aware (*see* Docket No. 1 at p. 4) that he falls within the scope of 28 U.S.C. § 1915(g), which bars prisoners from bringing a civil action or appealing a judgment in a civil action *in forma pauperis* if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because he has had many more than three lawsuits previously dismissed as frivolous or for failure to state a claim,[1] Plaintiff Bennett may not proceed *in forma pauperis* and must instead

---

[1] *See, e.g., Bennett v. Isaacs*, No. 3:13-cv-299 (E.D. Tenn. Oct. 10, 2013)(dismissing complaint as frivolous and for failure to state a claim); *Bennett v. Sexton*, No. 3:13-cv-494 (E.D. Tenn. Oct. 15, 2013)(dismissing complaint as frivolous and for failure to state a claim); *Bennett v. Sexton*, No. 3:13-cv-538 (E.D. Tenn. Oct. 15, 2013) (dismissing complaint as frivolous and for failure to state a claim); *see also Bennett v. Speed*, No. 2:14-cv-14 (E.D. Tenn. Feb. 21, 2014) (denying Bennett leave to proceed *in forma pauperis* on the basis that he is subject to the three-dismissal prohibition); *Bennett v. Roberts*, No. 1:14-cv-1113 (W.D. Tenn. May 21, 2014) (denying Bennett leave to proceed *in*

1

pay the full filing fee in advance in order to pursue his lawsuit, <u>unless</u> he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998).

Plaintiff Bennett attempts to allege that he is in imminent danger. He asserts that Unit Manager Christie Thomas directed other corrections officers to put bleach and Visine drops in the plaintiff's food. (Docket No. 1 at p. 4). He asserts that Thomas has threatened to kill him. (*Id.*) According to the plaintiff, on unspecified date, other inmates stabbed the plaintiff "several times." (*Id.*) He asserts that, despite his plea for help to the other named defendants, those defendants are unwilling to protect the plaintiff from harm by Thomas and other inmates. (*Id.*)

All the defendants named in this complaint are alleged to work at the Riverbend Maximum Security Prison in Nashville, Tennessee, where the plaintiff previously was incarcerated. (*See* Docket No. 9)(clarifying the plaintiff has been transferred from Riverbend Maximum Security Prison to Northeast Correctional Complex).

For the purposes of § 1915(g), the court considers whether a plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the United States Court of Appeals for the Sixth Circuit has not offered a precise definition of imminent danger, it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the Sixth Circuit has noted that "[t]he imminent danger exception is essentially a pleading

---

*forma pauperis* on the basis that he is subject to the three-dismissal prohibition). Recently, this court granted Bennett leave to proceed *in forma pauperis*, finding that Bennett had alleged imminent danger of a serious physical injury while incarcerated at the Riverbend Maximum Security Prison. *See Bennett v. Henry et al.*, 3:14-cv-01958 (M.D. Tenn. October 22, 2014)(Campbell, J.); *Bennett v. Tenn. Dep't of Corrections, et al.*, 3:14-cv-02338 (M.D. Tenn. Dec. 17, 2014)(Campbell, J.).

requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562. As a *pro se* plaintiff, Bennett is entitled to have his complaint liberally construed. *Vandiver*, 416 F. App'x at 562. Moreover, at this stage in the proceedings, the court must accept as true the factual allegations in the complaint, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The court cannot decline pauper status simply because it finds the factual allegations of imminent danger to be improbable or unlikely. *Id.*

In this case, although the plaintiff insists that his life is currently in imminent danger, the plaintiff is no longer incarcerated at the Riverbend Maximum Security Prison where all of the defendants are located. Since the filing of his complaint, the plaintiff has been transferred to the Northeast Correctional Complex. For this reason, the plaintiff's assertions that defendants located at Riverbend still pose a threat to him are not plausible, and the plaintiff fails to demonstrate that he is currently in imminent danger posed by the named defendants.

Accordingly, the court will deny the plaintiff permission to proceed *in forma pauperis*.

An appropriate order will enter.

Aleta A. Trauger
United States District Judge